FILED16 SEP'11 14:49USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ALBERT GONZALEZ, | Civ. No. 08-6236-HO (Lead) |
| Plaintiff, | |
| v. | Civ. NO. 08-6240-HO (Consolidated) |
| | ORDER |
| CENTRAL ELECTRIC COOPERATIVE, INC., et al., | |
| Defendants. | |

After bifurcation, the parties tried to the court plaintiff's claims to recover benefits under the Employee Retirement Income Security Act (ERISA), interference with ERISA rights and retaliation for seeking benefits. With respect to retiree medical benefits, the court found that plaintiff is entitled to the retirement medical benefit and that defendant Central Electric Cooperative (CEC) shall reimburse plaintiff for all premiums that it has refused to pay from May 2, 2008 to date and shall reimburse

1 - ORDER

plaintiff for any out-of-pocket medical expenses that would have been covered had the medical benefits not been terminated. However, the court also noted that the benefit was not vested. The state law claims (breach of contract, unpaid compensation and defamation) and the ERISA claims intertwined with those claims remained. CEC's counterclaims (breach of fiduciary duty, fraud, breach of contract and accounting) also remained.

On June 22, 2011, the parties settled the case and executed a mutual release of all claims. Nonetheless, CEC wanted to continue to litigate, in this case, an issue involving disclosure of documents[1] and depositions of attorneys from Schwabe, Williamson & Wyatt regarding a related state court action, Northwest Utility Services, Inc. v. Central Electric Cooperative. However, on July 22, 2011, Northwest Utility Services filed a supplemental response to the discovery motion revealing that Martin Hansen, who had been barred from representing CEC in this case, is in fact playing a role in the Schwabe issue despite his duties to his former client, plaintiff Al Gonzalez, and that he may have violated a protective order by filing confidential documents obtained in the state action with the Bar and also in yet another litigation involving CEC.[2]

---

[1] The court had on an earlier occasion denied the discovery motion with leave to renew and, once renewed, requested the documents for in camera review subject to an agreed upon protective order.

[2] It should be noted that CEC also submitted the documents for in camera review to this court without first agreeing with

2 - ORDER

Interestingly, also on July 22, 2011, CEC withdrew its discovery motion. At any rate, CEC certainly had no business continuing to pursue the matter in this case. Northwest Utility Services now seeks attorney fees related to fighting CEC's motion to reopen discovery regarding the Schwabe documents in this case.

The court agrees that CEC's collateral attacks in this case aimed at discovery issues in Northwest Utility Services, Inc. v. Central Electric Cooperative by seeking privileged documents and to depose Northwest Utility Services attorneys was an abusive use of process. This is especially true given CEC's efforts continued after settlement. This court has the inherent authority to address abuses by parties practicing before it. See, e.g., Fed. R. civ. P. 1 (The rules of procedure should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding); Fed. R. civ. P. 37(a)(5)(B) (If a discovery motion is denied the court may require the moving party to pay the opposing party its reasonable expenses incurred in opposing the motion). Although sanctions for failed discovery motions should rarely be imposed, the request to continue into the collateral matters even after the case had settled in addition to the other circumstances surrounding the issue warrant an award of reasonable expenses. Accordingly, Northwest Utility

---

Northwest Utility Services on a protective order as required by court order (#375).

3 - ORDER

Services' motion is granted and CEC shall pay reasonable expenses incurred, after June 22, 2011, in responding to CEC's motion.

## CONCLUSION

Northwest Utility Services's motion for attorney fees (#403) is granted in the amount of $33,188.

DATED this 16th day of September, 2011.

_____
United States District Judge